OPINION OF THE COURT — by the
hon. EDWARD TURNER."
This appears to be a motion-made on the return of a fieri facias, on a judgment in the superior court of Claiborne county, revived by scire facias “to prevent the calculation of interest on the original judgment, from its date in 1806.” The record sent up being incomplete, and the nature of the motion not allowing us to decide on the errors in the reoord, *215 and proceedings in the cause, if any there be, up to the final judgment on the scire facias to revive, we shall decide but a single point in the case; and that appears in the execution and endorsements thereon, made by the clerk, which issued after the judgment of revival, returnable to the last April term of the Claiborne circuit court, (a copy of which is before us.) The original judgment was had on the 3d of March, 1806, for $143 28* debt, the judgment on the scire facias to revive was had on the 24th of October, 1825, for the said debt with interest thereon, from the 3d of March, 1806, to the 24th of October, 1S26, amounting to $168 81i besides costs. The execution in question, issued for the debt, the interest^ thereon and costs, and the sheriff is commanded “to make the same” with interest on said sums, at the rate of eight per cent, per annum, from the 24th of October until paid.
The statutes which allowed interest in the Mississippi territory previous to March, 1806, are not before us, nor does it appear, when the original debt was contracted, or what rate of interest it carried. We know however, that no statute allowed interest on judgments, previous to the act of the 18th of December, 1811, which statute allowed interest on judgments at the rate of six per cent, per annum, without receiving the rate of interest on the debt or demand on which such judgment was had.
The act of 1822, regulating and establishing the rate of interest for this State, provides “that on all judgments and decrees founded on contracts, debts or demands, bearing interest, the rate of interest shall be the same as that allowed by law on the contract, debt or demand, on which such judgment ox decree shall be founded; and on judgments and decrees, in all other cases, the rate of interest shall be eight per cent, per annum.” Vide, Rev. Code, p. 461.
The subject of interest is one of statu creation. Interest was not allowed by the common law. As jUgments, i^Alarch, 1806, did not by any statutory provision bear interest, the clMs: erred in issuing his execution for interest on the judgment. But admitting that the judgment? of 1806 bear interest, the clerk also erred in issuing execution for interest at the rate of eight per cent. It has been long settled in England, that statutes allowing, increasing or diminishing the rati? of interest, have not a retrospective operation. 5 Bac. Abr. Title Usury, p. 407. Hawkins *216 P. C. p. 246. We recognize that as a sound rule of law, independent of .the provision in our constitution, which provides that “no law shall be passed, imposing the obligation of contracts.” The execution in this case must therefore be quashed.
, We cannot, under the present motion, give a decisive opinion, as to the judgment of 1806 carrying interest, as the record is not before us, by appeal or a writ óf error. It appears by the execution,' that the interest given on the original judgment, made part of the judgment of the court on the scire facias reviving the judgment. If that; he true, and if án error at all, it is an .cirror in the judgment of the court, which can come before 'this court only by a writ of1 epror or appeal. We can only intimate our present impression, that the only judgment which the court should give in favor of a plaintiff on a Scire facias to revive; is, that the plaintiff have his execution as prayed for; that no damages are assessable, and that execution isbue oh the original and not on the new judgment, which is only a judgment of revival:
Whether interest was allowed in any shape on judgments previous to the act of December, 1811, and if it was, in what mode, or in what action it could be recovered, are questions of some difficulty, and which we' do not feel ourselves required, by the present case as submitted to us¿ to decide.
Execution quashed.
Judges Child and Black concurred: